IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MILLIE BRANDON                                                                                    PLAINTIFF

vs.                                         Civil No. 04-2281

JO ANNE B. BARNHART,
Commissioner, Social Security Administration                                      DEFENDANT

## MEMORANDUM OPINION

### Factual and Procedural Background:

Millie Brandon (hereinafter "Plaintiff"), has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her claims for a period of disability and disability insurance benefits (hereinafter "DIB"), pursuant to *§§ 216(i) and 223* of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i) and 423*. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g)*.

The Commissioner filed an appeal brief on April 25, 2005 (Doc. #11). As of this date, no appeal brief has been filed on behalf of Plaintiff. The history of the administrative proceedings is contained in the Commissioner's brief and will not be recited herein, except as is necessary.

The DIB application now before the undersigned was protectively filed on January 6, 2003 (T. 91, 92-94). Said application alleges an onset date of March 21, 2003 (T. 92-94). The undersigned notes that it is unusual for the date the application was protectively filed to precede the onset date within the application. However, the onset date is presumed to be correct

because the alleged onset date coincides with the date the application was completed, and Plaintiff made no attempt to amend the onset date. Plaintiff is insured for purposes of DIB benefits through December 31, 2006 (T. 117).

Plaintiff alleges that she is disabled due to: seizure disorder; post operative laminectomy at L5-S1; confirmed neural injury at the L5 level, which injury was incurred during the course of her lumbar diskectomy; degenerative disc disease; lumbar pain with radiculopathy; fatigue; headaches; numbness; inability to successfully obtain a G.E.D.; below average proficiency with respect to her vocabulary, reasoning and judgment; poor reading skills; reading comprehension skills at the marginal 5th grade level; significantly below average intellectual and academic ability; and, borderline intellectual functioning, with a full scale IQ of 66 and performance IQ score of 76. The issue before this Court is whether the decision of the Commissioner is supported by substantial record evidence.

Plaintiff was 40 years of age at the time of the administrative hearing (T. 40, 117). Plaintiff has a 10th grade education[1] (T. 40). At hearing, Plaintiff testified that she studied for, and took the GED test; however, she "can't pass" the GED test (T. 48-49). Plaintiff previously worked for 16 years as a line worker for Tyson Foods (T. 41, 42, 109).

The Social Security Administration denied plaintiff's application initially and on reconsideration. She then requested and received a hearing before an Administrative Law Judge (hereinafter "ALJ"), which hearing was held on February 23, 2004 (T. 34-62). The ALJ rendered an unfavorable decision on April 29, 2004 (T. 21-30). Plaintiff then sought the

---

[1]The record is unclear as to whether Plaintiff completed the 10th grade, but she testified that she did not begin studies in the 11th grade (T. 40).

review of the Appeals Council and provided additional evidence for review by the Appeals Council (T. 16, 9, 10-15, 346-349). Although the appeals counsel considered the additional evidence submitted by Plaintiff, her request for review was denied by the Appeals Council on December 15, 2004 (T. 5-8), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision (Doc. #1). The matter is before the undersigned by consent of the parties (Doc. #11).

**Applicable Law:**

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000); see also Craig v. Apfel 212 F.3d 433, 435-436 (8th Cir. 2000)*. Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion. *See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999)*. In considering whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See Prosch, 201 F.3d at 1012*. We may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome. *See id.*

In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993)*. Even if this Court might have weighed the evidence differently, the decision of the ALJ may not be reversed if there is enough evidence in the record to support the decision. *Browning v.*

*Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992). And, it is well settled that proof of a disabling impairment must be supported by at least some objective medical evidence. *Marolf v. Sullivan, 981 F.2d 976, 978 (8th Cir.1992)*.

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 416.920(b)*. If the claimant is so involved, benefits are denied; if not, the evaluation goes to the next step.

Step two involves a determination, based solely on the medical evidence, of whether claimant has a severe impairment or combination of impairments. *Id., § 416.920(c); see 20 C.F.R. § 416.926*. If not, benefits are denied; if so, the evaluation proceeds to the next step.

The third step involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 416.920(d)*. If so, benefits are awarded; if not, the evaluation continues.

Step four involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 416.920(e)*. If so, benefits are denied; if not, the evaluation continues.

The fifth step involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given the claimant's age, education and work experience. *Id., § 404.920(f)*. If so, benefits are denied; if not, benefits are awarded.

In addition, whenever adult claimants allege mental impairment, the application of a special technique must be followed at each level of the administrative review process. See *20*

AO72A
(Rev. 8/82)

C.F.R. § 416.920a(a).

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. See *20 C.F.R. § 416.920a(d)*. Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. See *20 C.F.R. § 416.920a(e)*.

In cases involving the submission of supplemental evidence subsequent to the ALJ's decision, the record includes that evidence submitted after the hearing and considered by the Appeals Council. See *Jenkins v. Apfel, 196 F.3d 922, 924 (8th Cir.1999) (citing Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994))*. Thus, in situations such as the present, this court's role is to determine whether the ALJ's decision "is supported by substantial evidence on the record as a whole, including the new evidence submitted after the ALJ's determination was made." *Riley v. Shalala, 18 F.3d at 622*. In practice, this requires a decision as to how the ALJ would have weighed the new evidence had it existed at the initial hearing. *See id.* As the United States Court of Appeals for the Eighth Circuit has often noted, "this [is] a peculiar task for a reviewing court." *Id.* Critically, however, this court may not reverse the decision of the ALJ merely because substantial evidence may allow for a contrary decision. *See Woolf v. Shalala,* 3 *F.3d 1210, 1213 (8th Cir.1993)*. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. *Flynn v. Chater, 107 F.3d 617, 622 (8th Cir.1997)*. Thus, we have endeavored to perform this function with respect to the newly submitted evidence. *Id.; Mackey v. Shalala, 47 F.3d 951, 953 (8th Cir. 1995)*.

**Discussion:**

AO72A
(Rev. 8/82)

An individual is "disabled" under the Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A)*. The burden of establishing a compensable disability under the Act is initially on the claimant. See *Kerns v. Apfel, 160 F.3d 464, 466 (8th Cir.1998); Riley v. Shalala, 18 F.3d at 621 (quoting Bowen v. Yuckert, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987))*. However, the submission of the additional evidence to the Appeals Council complicates this analysis; thus, this court now turns to that additional evidence.

The administrative record before the undersigned contains psychological and physiological medical records, not previously included in the administrative record (T. 9, 10-15, 346-349). This additional evidence reveals a diagnosis of borderline intellectual functioning, and other information not previously made available to or considered by the ALJ. Notably, the additional evidence includes a psychological screening report wherein the results of Plaintiff's numerous psychological tests are set forth (T. 347-349). Plaintiff's IQ scores are as follows: verbal IQ of 60; performance IQ score of 76; and, full scale IQ of 66 (T. 348). Plaintiff's other psychological test results reveal that she has: "a significantly below average sight vocabulary, or word-recognition capacity"(T. 348); "distinctly below average proficiency" when "dealing with abstract problems requiring sequential reasoning and judgment" (T. 348); a reading comprehension skill of a marginal 5th grade literacy; and, functions "in the significantly below average range of intellectual and academic ability" (T. 348). The psychological examiner noted that Plaintiff will likely encounter the following problem areas in vocational settings:

difficulties in following written instructions; assistance with job applications may be required; difficulty learning complex tasks; difficulty maintaining adequate production level if more than simple academic skills are required; limited ability to read on the job; difficulty reading advanced technical materials; may have difficulty with tasks requiring detailed instructions; repetition of instructions may be required; simple instructions will be helpful; limited array of marketable skills; possible confusion on work tasks; possible difficulty recalling prior learning; slow learning of training/work tasks; difficulty applying knowledge to a task; limited training potential; and difficulty recalling prior learning (T. 348-349). Plaintiff's IQ scores, considered in conjunction with her other psychological test results, lead to her diagnosis of Borderline Intellectual Functioning. The ALJ did not have benefit of any of this information when he posed hypothetical questions to the vocational expert, determined Plaintiff's residual functional capacity or relied on the vocational expert testimony which failed to address all of Plaintiff's nonexertional impairments and Borderline Intellectual Functioning.

The ALJ did not have benefit of this information when he rendered his decision wherein he determined: Plaintiff's residual functional capacity; Plaintiff could no longer perform her past relevant work; and, Plaintiff could perform work such as that of a cashier, office clerk (filing & paperwork - no typing), and telephone solicitor. Although the record before the ALJ alluded to Plaintiff's intellectual and psychological deficits (T. 40, 105, 114, 48, 49), this issue was not addressed by the ALJ within the relevant portions of his decision.

The undersigned is required to consider whether the knowledge of the additional evidence considered by the Appeals Council would impact the ALJ's decision. We find that the additional evidence would impact upon the analysis within the decision of the ALJ. This

AO72A
(Rev. 8/82)

evidence belies the ALJ's residual functional capacity finding, which does not consider Plaintiff's ability level with respect to reading, exercising judgment, reasoning, confusion, recollection, rate of learning, and applying knowledge . Specifically, the evidence of Plaintiff's psychological test scores and limitations, would likely change the ALJ's questions posed to the VE, residual functional capacity finding, and what, if any, jobs Plaintiff's could perform in the national economy. The ALJ's residual functional capacity finding must be reconsidered in view of the additional record evidence.

In order to find that the plaintiff retains the same residual functional capacity as noted in the decision, the ALJ would be forced to disregard Plaintiff's IQ and other psychological test scores and the diagnosis of borderline intellectual functioning. The evidence of record before the undersigned does not contain substantial evidence to support such disregard of the additional psychological evidence considered by the Appeals Council. Therefore, the ALJ should have an opportunity to consider the additional evidence considered by the Appeals Council.

**Conclusion:**

Accordingly, the decision of the ALJ, denying benefits to the plaintiff, is not supported by substantial evidence, and should be reversed. This is especially true in light of the additional evidence submitted to the Appeals Council, which was not before the ALJ when he rendered his decision. This matter should be remanded to the Commissioner, for further consideration consistent with this opinion.

ENTERED this 25th day of January, 2006.

AO72A
(Rev. 8/82)

   /s/Bobby E. Shepherd  
  Honorable Bobby E. Shepherd  
  United States Magistrate Judge

AO72A
(Rev. 8/82)